**Ronald R. LONGTIN**

v.

**Myra BRITT.**

**No. 95–723–Appeal.**

Supreme Court of Rhode Island.

Sept. 22, 1997.

Ronald R. Longtin, Pro Se.

John B. Ennis, Cranston.

## ORDER

This case came before the court for oral argument September 16, 1997 pursuant to an order that had directed the plaintiff, Ronald R. Longtin (Longtin), to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing oral argument from Longtin who appeared pro se and from counsel for Myra Britt, and having examined the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

Longtin appealed from a Family Court order denying his motion to modify child support, finding him in contempt of a prior support order, and granting Myra Britt's motion that Longtin be restrained and enjoined from interfering with the day-to-day care of the minor child of the parties. Longtin also appealed from a joint custody order entered on October 9, 1992.

At oral argument it was noted that a subsequent order was entered by a Master of the Family Court which superseded the earlier orders relating to child support and contempt. This order also provided for visitation by Longtin with the minor child who presently resides in North Carolina with Myra Britt. The order was agreed to by counsel for Longtin and currently governs both support and visitation.

Since this order supersedes the prior order from which an appeal was taken, the issues raised by Longtin are now moot except for the order of joint custody.

In the opinion of this court the order of joint custody was amply supported by the evidence submitted and was within the discretion of the then trial justice to promulgate.

As a consequence, we need not consider whether Longtin's appeal as opposed to a petition for certiorari was appropriate to bring the matters raised in connection with the prior decree properly before us. Since these issues are mooted, Longtin's appeal is denied and dismissed. The papers in the case may be remanded to the Family Court.